JOHN BACON et al., Appellants, *v.* JOHN G. PARKER et al., Appellees.

1. The refusal of the chancellor to allow an amendment to a bill, may be assigned as error in this court

2. The chancellor, in the allowance or refusal of amendments to the pleadings, must exercise a sound discretion—taking into consideration the laches of the applicant, the delay arising from the amendment, and the costs.

APPEAL from the District Chancery Court, at Monticello.

*Geo. S. Yerger*, for appellant.

This bill was filed by Bacon et al., alleging that the Planters' Bank transferred the judgment to them *by delivery*.

It was demurred to; and this court sustained the demurrer, upon the ground that a *judgment* could not be transferred *by delivery*. The court remanded "the cause for amendment, if the chancellor should think that the merits of the cause authorize an amendment."

The complainants prepared an amended bill, showing a transfer of the judgment, and the manner of the transfer. But the vice chancellor thought he was concluded by the judgment of the High Court, and refused to receive or allow the amendment, and dismissed the bill.

The only question is, whether an appeal in chancery lies from an order of the chancellor, refusing to allow an amendment where it should have been allowed.

Although amendments in chancery are said to be discretionary, yet they are based upon the exercise of a legal discretion. The granting or refusing, therefore, is a matter which may be examined in the High Court, when the case is brought there upon a final decree.

In such case, all interlocutory orders may be examined, and if erroneous, will be corrected.

Amendments are of vital importance; and if the arbitrary discretion of the chancellor is conclusive, then an appeal to a higher court, in many cases, is useless.

VOL. II.—4

All matters in chancery, which involve the exercise of the judgment, or the judicial mind, and which are said to be *discretionary*, mean a *legal discretion;* and in all such cases of an improper exercise of the *legal discretion*, it may be examined by an appellate court.

In cases where, in the exercise of a sound discretion, a feigned issue ought to have been granted, but was refused, an appeal will lie. *Townsend* v. *Graves*, 3 Paige, 457. The refusal of the chancellor to reinstate an injunction, is discretionary, but if improperly refused, the Court of Appeals will correct it. *Webster* v. *Couch*, 6 Rand. 519. Upon general principles, the granting, continuing, and dissolving of injunctions, rests in the discretion of the court. *Roberts* v. *Anderson*, 2 Johns. Ch. 202. And yet appeal lies, on general principles, from an order dissolving an injunction. *Randolph* v. *Randolph*, 6 Rand. 144; *Mc Vicar* v. *Wolcot*, 4 Johns. R. 510. It is no answer to an appeal, that the matter was discretionary with the chancellor. *Beach* v. *Fulton Bank*, 2 Wend. 225. See also *Tripp* v. *Cook*, 26 Ib. 143; *Oliver* v. *Palmer*, 11 Gill & Johns. 137; *Lee* v. *Bruxton*, 5 Call, R. 459.

*Freeman* and *Dixon*, for appellee, filed no brief.

FISHER, J., delivered the opinion of the court.

This case comes into this court by appeal from a decree of the Vice Chancery Court, holden at Monticello, refusing leave to the complainants to file an amended bill, and dismissing the original bill.

The cause was once before in this court, upon an appeal from a decree of the vice chancellor overruling a demurrer to the original bill. That decree was reversed, with leave however to the complainants, if they were able to do so, to amend their bill. Upon the cause being remanded, an amended bill was prepared in due time, setting forth a valid transfer of the judgment specified in the original bill to the complainants; but the vice chancellor refused to permit it to be filed, and thereupon, on motion of the defendants, dismissed the original bill.

The only question for decision is, whether the refusal of the vice

chancellor to permit the amended bill to be filed and become part of the pleadings in the cause, can be assigned as error in this court.

It is true that amendments are, to a great extent, under the discretion of the court; but this means a sound judicial discretion, exercised for the purposes of justice, and of bringing the merits of the controversy fairly before the court. The court may, in the exercise of a sound discretion, take into consideration the laches of the party asking leave to make the amendment; the delay which the amendment may produce to the other party, and the costs attending the same. These are almost the only reasons which can operate to induce a court to refuse a meritorious amendment. None of which, except that of costs, can have the least influence in this case, for the reason that it is manifest that the defendants owe the judgment to some one, and the object of the amendment is, to show that they owe the debt to the complainants.

Decree reversed, amendment allowed, and cause remanded.